UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
**MIKAEL GIANFRANCO ROB**,                                       :
                                                                 :
                Plaintiff,                                    :   **ORDER ADOPTING REPORT**
                                                                 :   **AND RECOMMENDATION**
      – against –                                          :
                                                                 :   19-CV-3822 (AMD) (JAM)
                                                                 :
**LOLA HILTON VON HORN**,                                        :
                                                                 :
                Defendant.                                     :
                                                                 :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff Mikael Gianfranco Rob brought this action against the defendant Lola Hilton Von Horn in December 2018 for breach of contract related to unpaid loans the plaintiff made for the defendant to purchase investment properties (the "*Rob Action*").[1] Rob filed an amended complaint on September 14, 2020, seeking €500,000 in damages — which Rob asserts is the equivalent of $650,000 — plus interest.  (ECF No. 22 ¶ 32.)  In September 2021, the parties participated in mediation, which was unsuccessful.  (*ECF Order dated Sep. 21, 2021*.)  The parties conducted discovery and filed requests for a pre-motion conference in anticipation of filing for summary judgment.  (ECF Nos. 43, 45, 47.)  On June 1, 2022, the Court held a pre-motion conference (*ECF Minute Entry dated June 1, 2022*), and on June 15, 2022, the parties filed a joint status report saying they both intended to withdraw their requests to move for summary judgment (ECF No. 49).

---

[1] Rob filed his complaint in the Supreme Court of the State of New York, Queens County, on December 3, 2018, and Von Horn removed the case to the United States District Court for the Southern District of New York on January 28, 2019.  (ECF Nos. 1, 4.)  On July 1, 2019, the case was transferred to this Court pursuant to 28 U.S.C. §§ 1406(a) and 1441(a).  (ECF Nos. 11, 12.)

Von Horn brought a related action against Rob's wife, Mary Connors, on August 10, 2022. *See Von Horn v. Connors*, No. 22-CV-4721 (the "*Von Horn Action*"), and on December 9, 2022, the Court consolidated the *Von Horn Action* with the *Rob Action* (*ECF Order dated Dec. 9, 2022*). On June 6, 2023, the parties participated in mediation, which was again unsuccessful. (*ECF Order dated June 6, 2023*.) Discovery closed on April 19, 2024. (*ECF Order dated Apr. 19, 2024*.) On April 24, 2024, Rob informed the Court of his intention to move for summary judgment. (ECF No. 72.) The Court ordered the parties to file pre-motion conference letters and Rule 56.1 Statements of Undisputed Fact; the Court extended the deadlines several times, and the final deadline was October 31, 2024. (*ECF Orders dated June 25, 2024*, *Aug. 26, 2024*, *Aug. 28, 2024*.)

On October 29, 2024, Von Horn's counsel filed an emergency request to be relieved as her attorney because of "deterioration of [the] working relationship with [his] client." (ECF No. 76 at 1.) On December 13, 2024, Magistrate Judge Joseph A. Marutollo held a telephonic conference regarding the motion to withdraw, which Van Horn was ordered to attend. (*ECF Order dated Dec. 4, 2024*.) Von Horn did not attend the conference,[2] and Judge Marutollo ordered her to show cause by December 20, 2024 with an explanation for her not attending. (*ECF Minute Entry dated Dec. 13, 2024*.) Judge Marutollo warned her that failure to respond or comply with the Court's orders could result in sanctions, including dismissal of the *Von Horn* Action and entry of a default judgment in the *Rob* Action. (*Id.*) On December 26, 2024, Judge Marutollo granted Von Horn's counsel's motion to withdraw and extended Von Horn's deadline to show cause to January 8, 2025. (*ECF Order dated Dec. 26, 2024*.) Judge Marutollo reminded

---

[2] On the day of the conference, Van Horn's counsel filed a letter stating that Von Horn's niece emailed him requesting an adjournment to December 20, 2024 (ECF No. 84), but Judge Marutollo denied the request (*ECF Order dated Dec. 13, 2024*).

2

Von Horn that her failure to respond could result in dismissal or default judgment. (*Id.*) Von Horn did not respond to the Court's order, and Judge Marutollo *sua sponte* extended her deadline to do so until January 31, 2025, with another reminder of the possible consequences of failing to respond. (*ECF Order dated Jan. 9, 2025.*)

Von Horn did not show cause or otherwise respond to the Court's orders, and on February 11, 2025, Judge Marutollo instructed Connors to file a motion to dismiss for failure to prosecute the *Von Horn* Action and instructed Rob to seek a certificate of default in the *Rob* Action. (*ECF Order dated Feb. 11, 2025.*)[3] On March 18, 2025, Von Horn emailed Judge Marutollo's chambers to explain her absence from the December 13, 2024 status conference and failure to respond to the Court's orders. (ECF No. 100 at 8.) However, she did not file anything on the docket or communicate further with the Court.

On May 16, 2025, Rob filed a motion for default judgment. (ECF No. 96.) Von Horn did not respond to the motion. On May 19, 2025, the Court referred the motion to Judge Marutollo (*ECF Order dated May 19, 2025*), and on October 14, 2025, Judge Marutollo issued a Report and Recommendation recommending that the Court grant the motion in part and deny it in part (ECF No. 100).[4] Judge Marutollo recommended that the Court find that Rob is "entitled judgment in his favor and against Von Horn in the principal amount of €500,000—to be converted to American dollars on the date final judgment is entered." (*Id.* at 26.) He also recommended that the Court award Rob pre-judgment interest "from March 29, 2019 through the

---

[3] Connors filed a motion to dismiss the *Von Horn* Action for failure to prosecute. (*Von Horn* Action, ECF No. 64.) The Court adopted Judge Marutollo's Report and Recommendation, which recommended granting the motion to dismiss, and dismissed the action pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*, ECF Nos. 70, 72.)

[4] Rob sought default judgment on his breach of contract claim, but argued, in the alternative, that the complaint established a claim for unjust enrichment. (ECF No. 96-1 at 12.) Judge Marutollo recommended that the Court deny the unjust enrichment claim as duplicative of the breach of contract claim. (ECF No. 100 at 19–20.)

3

date of entry of final judgment for Rob's claim for breach of contract" and post-judgment interest "to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961." (*Id.* at 28.) Judge Marutollo also recommended that the Court dismiss Von Horn's counterclaims pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.* at 36.) No party has filed an objection to the report and recommendation and the time for doing so has passed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014) (citation omitted). The Court has carefully reviewed Judge Marutollo's comprehensive and well-reasoned report and recommendation for clear error and finds none. Accordingly, the Court adopts the report and recommendation in its entirety. This plaintiff's motion for default judgment is granted in part and denied in part consistent with the report and recommendation.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
November 4, 2025